IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

IN RE: CHRISTOPHER AND RACHEL MOUTON,     CASE NO. 4:11-bk-16479
CHAPTER 13
       Debtors.

MART T. McCARTY, TRUSTEE     PLAINTIFF

VS.     AP NO. 4:12-ap-01149

TOYOTA MOTOR CREDIT CORP.     DEFENDANT

<u>MEMORANDUM OPINION</u>

On October 6, 2011, Christopher and Rachel Mouton filed a voluntary petition for relief under the provisions of Chapter 13. This case has been before the Court twice, once in an adversary proceeding, <u>First Security Bank v. Mouton</u>, 4:11-ap-01269, and again in <u>Mouton v. Toyota Motor Credit Corp. (In re Mouton)</u>, 479 B.R. 55 (Bankr. E.D. Ark. 2012), 4:11-ap-1275.

The Plaintiff in this current action is Mark T. McCarty (Trustee), the standing Chapter 13 Trustee appointed to administer the case. The Defendant is Toyota Motor Credit Corporation (Toyota). The Trustee has filed this adversary proceeding and in his pleadings seeks to determine the validity of Toyota's lien, to avoid Toyota's lien, and objects to Toyota's claim. Toyota filed a timely answer denying the complaint on the basis that there is no proper grounds for the objection to their claim. Toyota also contests the right of the Trustee to avoid its lien (security interest) because the vehicle has been claimed as exempt and, therefore, is not property of the estate. Accordingly, the Trustee has no standing to avoid Toyota's lien because the relief requested will only benefit the Debtor (not the Debtor's estate).

1

Entered On Docket: 06/25/2013

Trial on the merits was held in Little Rock, Arkansas, on January 11, 2013, and at the conclusion of the trial the matter was taken under advisement. Both sides have filed post-trial briefs with the Court. This Court has jurisdiction to decide the matter in accordance with 28 U.S.C. § 1334 and § 157(a). The matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B)&(K). The following memorandum opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

I.

THE FACTS

This Court has previously determined that Toyota's security interest in the Debtor's 2009 Toyota automobile was unperfected on the date the petition was filed. Toyota filed a secured claim for $23,905.32. The Debtors value the vehicle at $15,625.00. The Debtors' initial plan proposed a payment to the Trustee in the amount of $1,360.00 per month. The Debtors filed an amended plan and claimed the Toyota as exempt property. In the Debtors' third amended plan, they proposed to the pay the Trustee $315.00 a month and created a special class for a $15,000.00 nondischargeable claim owed to First Security Bank to be paid $245.00 a month over the life of the plan plus a lump sum payment of $5,035.00. A plan has not yet been confirmed.

II.

THE PLEADINGS

The Trustee objects to Toyota's secured claim because it is unperfected. The Trustee's complaint alleges no other facts and in particular no facts to support his claim that Toyota's unperfected security interest should be avoided. The Trustee in his brief argues that Toyota's security interest should be avoided pursuant to 11 U.S.C. § 544(b)(1).

Toyota alleges in its answer and brief that its security interest should not be set aside because the estate would not be benefitted because the Debtors have claimed the vehicle exempt. However, no objection to any of the Trustee's evidence was made and no objection was made to the Trustee's failure to allege facts in support of his claim that Toyota's security interest should be avoided.

Since evidence supporting the avoidance of the Trustee's security interest and objection to its secured claim was admitted without objection, the pleadings are amended to conform to the proof because the issue was tried by implied consent. Ehrichs v. Kearney, 730 F.3d 1170, 1171 (8th Cir. 1984); In re Cooper, 399 B.R. 637 (Bankr. E.D. Ark. 2009); see also Fed. R. Bankr. P. 7015(b)(2).

III.

THE DISCUSSION

11 U.S.C. § 544(a)(1) provides in relevant part:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor . . . that is voidable by—
>    a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists.

As stated in 5 Collier on Bankruptcy ¶ 544.03 (Alan N. Resnick & Henry J. Sommer et. al. eds., 16th ed. 2011):

> If the holder of a security interest in the debtor's property has not taken the necessary steps under applicable law to put other potential creditors on notice of its interest by proper perfection, section 9-317(a)(2) of the Uniform Commercial Code provides that such a security interest is subordinate to the rights of a "lien creditor." In addition to the trustee's status as a "judicial lien creditor" under the Bankruptcy Code, the U.C.C.

provides that the bankruptcy trustee from the date of filing the petition is a "lien creditor." Given this status, the bankruptcy trustee may use the strong arm claim to avoid unperfected security interest in personal property subject to Article 9 of the UCC as well as to avoid unperfected liens and security interest in real property or personal property to the extent that a judgment lien creditor may do so in applicable nonbankruptcy law.

The Chapter 13 Trustee has the authority to use the avoiding powers contained in 11 U.S.C. § 544. See In re Wood, 301 B.R. 558, 562 (Bankr. W.D. Mo. 2003); McRoberts v. Transouth Fin. (In re Bell), 194 B.R. 192, 195 (Bankr. S.D. Ill. 1996); Lucero v. Green Tree Fin. Servicing Corp. (In re Lucero), 199 B.R. 742, 744 (Bankr. D. N.M. 1996)(rev'd on other grounds); Einoder v. Moutn Greenwood Bank (In re Einoder), 55 B.R. 319, 324 (Bankr. N.D. Ill. 1985); 5 Collier on Bankr. ¶ 544.07[2] (Alan N. Resnick & Hentry J. Sommer et. al. eds. 16th ed. 2011). However, as pointed out by Toyota, the Chapter 13 Trustee's avoiding power is limited and cannot be used when its use will not be for the benefit of the estate. Harstad v. First American Bank, 39 F.3d 898, 903 (8th Cir. 1994); Eastern States Life Ins. v. Strauss (In re Crawford), 274 B.R. 798, 806 (B.A.P. 8th Cir. 2002); Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery (In re Cybergenics Corp.), 226 F.3d 237, 244 (3rd Cir. 2000). The Trustee argues that the estate will benefit because the Trustee has objected to confirmation of the plan; therefore, the provisions of 11 U.S.C. § 1325(b)(1)(B) become applicable. 11 U.S.C. § 1325(b)(1)(B) requires the Debtors' plan to provide that

> all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

Therefore, money which would have been required to be paid on Toyota's secured claim will now be required to be paid to unsecured creditors. However, the Trustee's argument is illusory because projected disposable income is a figure that is subject to variation and

4

manipulation based on the amount allowed under the applicable statutes and rules relating to deductible expenses. See 11 U.S.C. §§ 1325(b)(2) and 1325(b)(4). Unsecured creditors could easily receive <u>de minimis</u> payments as illustrated by the Debtor's latest proposed plan which proposes a payment of only $315.00 per month to the Trustee from which Debtor's attorney is to receive $3,000.00 over the life of the plan and First Security is to receive $245.00 per month. Therefore, Toyota's security interest may not be avoided by the Trustee pursuant to 11 U.S.C. § 544(a)(1).

    The fact that the Debtors have claimed the Toyota automobile as exempt does not act to avoid Toyota's security interest. The exemption only attaches to equity, if any, after deducting the security interest. If a security interest impairs an exemption it may be avoided by the Debtor under 11 U.S.C. § 522(f). But under the facts in this case, 11 U.S.C. § 522(f) is unavailable to these Debtors because the security interest is not a judicial lien but rather a consensual purchase money lien on property other than the property described in 11 U.S.C. § 522(f)(B).

    The Trustee's objection to Toyota's secured claim is overruled. As pointed out previously, Toyota holds a valid pre-petition purchase money unperfected security interest in the Debtors' Toyota valid under Arkansas law. There is no basis to disallow the secured claim. See <u>Lawhorn Farm Supply Inc. v. Hayes</u>, 316 Ark. 69, 870 S.W.2d 729 (1994); <u>Mouton v. Toyota Credit Corp. (In re Mouton)</u>, 479 B.R. 55 (Bankr. E.D. Ark. 2013). The plan must pay Toyota's secured claim in accordance with 11 U.S.C. §§ 506(a)(1), 1325(a)(8)(B)(1)(ii) and 1325(910-car) if applicable.

    Therefore, for the reasons stated, the Trustee's complaint to avoid Toyota's security interest in Debtor's 2009 automobile is denied and the Trustee's objection to Toyota's secured

claim is overruled.

       IT IS SO ORDERED.

*/s/ James G. Mixon*

Dated: 06/25/2013

_____
JAMES G. MIXON
UNITED STATES BANKRUPTCY JUDGE

DATE:_____

cc:    Mark T. McCarty, Chapter 13 Trustee
       Mary Jane Pruniski, Esq.
       John B. Buzbee, Esq.
       Robert R. Danecki, Esq.